UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| KENNETH EARL DAVIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 13-36-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Kenneth Earl Davis, Jr. ("Davis" or "the Claimant") and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 12, 13] Davis argues that the administrative law judge ("ALJ") erred in finding that he is not entitled to a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Insurance ("SSI") under the Social Security Act ("Act"). He seeks reversal of the ALJ's decision and an award of benefits. Alternatively Davis asks the Court to remand the matter for further consideration of his claim. The Commissioner asserts that the ALJ's decision was proper and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Davis.

-1-

**I.**

On September 8, 2010, Davis applied for a period of disability and DIB under Title II of the Act, and SSI under Title XVI of the Act. [Tr., pp. 160-66, 167-73] He alleged a disability beginning April 1, 2009. [Tr., p. 160] Davis' applications were denied initially and upon reconsideration. [Tr., pp. 17-27] Davis, along with his attorney John Grigsby and vocational expert ("VE") Dr. James Miller, appeared before ALJ Tommye C. Mangus on September 29, 2011, for an administrative hearing. [Tr., p. 17] In a decision dated December 19, 2011, ALJ Mangus found that Davis was not disabled under sections 216(i), 223(d), or 1614(a)(3)(A) of the Act. [Tr., p. 27]

Davis was fifty-one years old at the time of the ALJ's decision. [Tr., p. 160] He has a ninth grade education and has obtained a graduate equivalent degree ("GED"). [Tr., pp. 19, 36] Davis previously worked as a shipping and receiving worker, and as a newspaper delivery person. [Tr., pp. 55-56] His alleged disability stems from anxiety, characterized by panic attacks, depression, obsessive compulsive disorder ("OCD"), and low back pain. [Tr., p. 19]

After reviewing the record and the testimony presented during the administrative hearing, the ALJ concluded that Davis suffered from a combination of severe impairments, including: "bipolar disorder with mixed anxiety and depression, anti-social personality disorder, and a history of alcohol abuse in full sustained remission." [Tr., p. 19] Notwithstanding these impairments, ALJ Mangus found that Davis retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels involving:

> understanding and remembering simple instructions that require only brief initial learning periods; the ability to maintain attention and concentration for simple tasks requiring minimal variations, and do so for 2-hour segments during an 8-hour day; no more than occasional public contact; and adaptation to workplace changes that [are] infrequent and gradually introduced.

[Tr., p. 22]

Based on the testimony of VE Miller, the ALJ found that Davis could not perform past relevant work. [Tr., pp. 25-26] However, after considering his age, education, work experience, and RFC, she found that Davis could perform other jobs, such as janitor, hand packer, dishwasher, and hand assembler. [Tr., pp. 26-27] And based on his finding that Davis could perform other work existing in significant numbers in the national economy, the ALJ concluded that Davis was not disabled. As a result of this assessment, Davis was denied a period of disability, DIB, and SSI. [*Id.*]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## III.

Davis contends that the hypothetical questions presented to VE Miller failed to take into account his physical symptoms associated with mental impairments and that the Commissioner's decision is not based upon substantial evidence.

### A. RFC Determination, Vocational Expert Testimony & Hypothetical Questions

According to Davis, the hypothetical questions posed to VE Miller failed to present all of his impairments. [Record No. 12-1, pp. 9-11] Specifically, he contends that the ALJ's hypothetical questions did not include the physical symptoms that he claims are associated with his mental impairments.[1] Davis asserts that his statements concerning the manifestation of physical symptoms stemming from his panic attacks and anxiety are well-grounded in objective medical findings. As a result, he contends that the ALJ's failure to include any physical limitations in her RFC determination was erroneous. Davis also argues that, because the hypothetical questions posed to the VE were deficient, it was improper for the ALJ to rely on VE Miller's testimony and it cannot be considered as substantial evidence. [*Id.*, p. 11]

#### 1. RFC Determination

Davis' challenge to the ALJ's reliance on the VE's testimony is essentially a challenge to the ALJ's RFC determination. More specifically, he argues that the ALJ erred in failing to provide any physical limitations in the RFC, such as "precluding the [C]laimant from jobs involving climbing and being around machinery or operating machinery." [Record No. 12-1, p. 11] The RFC determination is a matter reserved for the ALJ. *See* 20 C.F.R. §§ 404.1527(d), 404.1546(c), 416.927(d), 416.946(c); *see also Poe v. Comm'r of Soc. Sec.*, 342

---

1   To the extent Davis argues that the "mental factors posed by the [ALJ] to the [VE] are incomplete," he provides no explanation for his position beyond assertions that the ALJ failed to include any physical limitations associated with his psychological condition. [Record No. 12-1, p. 9] These arguments appear to be one-in-the-same, and will be treated as such.

F. App'x 149, 157 (6th Cir. 2009); *Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004). In making this determination, the ALJ considers the medical evidence, non-medical evidence, and the claimant's credibility. *See* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

The Sixth Circuit has recognized that "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of the claimant's residual functional capacity." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (internal quotation marks and citation omitted). The ALJ need not "give any special significance to the source of an opinion on issues reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). An ALJ's finding on the RFC will be upheld where it is supported by substantial evidence.

The Claimant relies on the diagnosis of treating physician Syed Raza, M.D., in support of his claim that he experiences physical limitations connected with his mental ailments.[2]

---

[2] The Claimant also cites to the opinion of consultative examiner Timothy L. Baggs, Psy. D., which he contends supports his claim of the necessity of physical limitations. However, ALJ Mangus reviewed, in detail, the opinion of Dr. Baggs, affording it moderate weight. [Tr., pp. 20-22, 24-25] Although Dr. Baggs found that his "[o]bservations . . . tended to provide[] confirmation for the claimant's allegations of anxiety and depression," he only found Davis' anxiety to be mild to moderate and his depression to be moderate to possibly moderately severe. [Tr., p. 379] ALJ Mangus explicitly discussed these findings and the Claimant has failed to identify how these findings either contradict the ALJ's final determination or how Dr. Baggs' opinion was incorrectly considered. More importantly, Dr. Baggs' opinion and treatment notes do not identify the manifestation of physical symptoms associated with the Claimant's mental issues beyond a recitation of the Claimant's subjective complaints. In fact, Dr. Baggs' opinion tends to support the ALJ's conclusions rather than the Claimant's position.

To the extent Davis cites treatment notes from Clover Fork Clinic, an ALJ is not required to cite every piece of evidence in the record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). Regardless, ALJ Mangus indicates throughout her decision that her determination was reached after considering the entire record. [Tr., p. 22] Additionally, the treatment notes from Clover Fork Clinic consist of only a patient chart. The credentials of the individual to whom the notes belong is unclear. And, although

Dr. Raza opined that the Claimant suffers from bipolar disorder, alcohol dependence in remission, and anti-social personality disorder.[3] [Record No. 12-1, p. 10; *see also* Tr., p. 364.] However, on December 1, 2010, Dr. Raza's examination notes indicate that, while the Claimant still suffers from anxiety, the prescribed medication was helping to alleviate his symptoms. [Tr., p. 367; *see generally Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984) (affirming ALJ's credibility determination where the claimant's condition was managed by medication); *see also Hardy v. Astrue*, No. 5:12CV1836, 2013 U.S. Dist. LEXIS 62942, at *35 (N.D. Ohio May 2, 2013).] Additionally, Dr. Raza stated that the Claimant was alert and oriented to place, person, and situation, had fair insight and judgment, and had normal psycho motor activity. [Tr., p. 367] It is Davis' burden to prove the severity of his impairments and the "mere diagnosis of [a condition], of course, says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

ALJ Mangus explicitly considered the opinion of Dr. Raza. Dr. Raza's opinion and treatment notes do not reference any physical limitations associated with the mental impairments suffered by the Claimant. [Tr., pp. 19-20, 364-67] Indeed, any mention of physical limitations in the medical records relied upon by Davis are nothing more than

---

the notes mention a finding of panic disorder, they state that "I recommended he talk to Dr. Raza about what *sound[ed]* like panic attacks." [Tr., p. 387 (emphasis added)] This statement belies the Claimant's contention that he was diagnosed with panic disorder by the Clover Fork Clinic. [Record No. 12-1, p. 10] The ALJ did not err in the weight given to this evidence.

3     Davis does not argue that ALJ's determination violated the treating physician rule. Regardless, ALJ Mangus properly weighed the opinions of the physicians of record.

summaries of his own subjective descriptions of his physical ailments allegedly accompanying his panic attacks. [Record No. 12-1, pp. 10-11] And a claimant's subjective complaints alone cannot establish the existence of a disability.[4] *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(a), 416.929(a); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("Subjective complaints of pain or other symptoms shall not alone be conclusive evidence of disability.").

Instead, there must exist some objective medical evidence, established by medically acceptable clinical or laboratory diagnostic techniques, which demonstrates the existence of a medical impairment that could reasonably be expected to produce the symptoms alleged and that, when considered with all the evidence, would lead to a conclusion that the individual is under a disability. *See* 42 U.S.C. § 423(d)(5)(A). Here, Davis' medical records contain little, if any, objective, physical, or clinical evidence to substantiate his subjective claims of physical symptoms associated with his mental impairments. And Davis has failed to direct the Court's attention to any such evidence concerning his alleged physical symptoms.

---

4 The Sixth Circuit has developed a two-prong test to evaluate a claimant's subjective allegations:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531. The Claimant does not argue that the ALJ impermissibly weighed his subjective complaints and the Court concludes that no such error was committed.

Notwithstanding the foregoing, the ALJ considered both non-medical and credibility evidence in determining Davis' RFC. [Tr., pp. 23-25] The ALJ provided an extensive analysis of Davis' credibility and found that, although the Claimant's medically determinable impairments could reasonably cause the symptoms alleged, his statements regarding their "intensity, frequency[,] and limiting effects are not credible" to the extent they are inconsistent with her RFC assessment. [Tr., pp. 23-24] It is well-settled that credibility determinations regarding a claimant's subjective complaints of pain rest with the Commissioner. *See Walters*, 127 F.3d at 531. Such determinations are entitled to a great deference. *See Buxton* 246 F.3d at 773; *see also Boyett v. Apfel*, 8 F. App'x 429, 434 (6th Cir. 2001); *Williamson v. Sec'y of Health and Human Servs.*, 796 F.2d 146, 150 (6th Cir. 1986). This is because the ALJ is in a unique position to "observe the claimant and judge [his] subjective complaints." *Buxton*, 246 F.3d at 773. However, if the ALJ "rejects a claimant's testimony as incredible, [s]he must clearly state h[er] reasons for doing so." *Felisky v. Brown*, 35 F.3d 1027, 1036 (6th Cir. 1994).

As indicated above, ALJ Mangus explained her reasons for rejecting Davis' testimony. She specifically noted that, "[c]ontradictory statements, circumstances surrounding his departure from the workforce, a specious disability onset date, and details of competent daily, social, and cognitive activities significantly undermine [Davis'] credibility. In fact, details of his relatively independent existence, residing with his elderly parents, without required assisted living services [manifestly contradict] his alleged incapacitation." [Tr., p. 23; *see also Buxton*, 246 F.3d at 775 (noting that the claimant's

-10-

ability to shop for herself, do light cleaning, cook, drive, and exercise daily contradicted her claim that she could not work); *Walters*, 127 F.3d at 532 (noting that an ALJ may consider a claimant's engagement in household and social activities in assessing his assertions of pain and ailments).] In short, the ALJ did not err in her review of Davis' credibility and the non-medical evidence of record in determining the Claimant's RFC. Further, the ALJ sufficiently explained her reasoning for the weight given to Davis' subjective complaints.

The medical evidence of record also supports the ALJ's RFC determination. Specifically, the opinions of consultative examiners Bradley E. Wells, M.D., and Timothy L. Baggs, Psy. D., substantiate this determination. The treatment notes of Dr. Wells from a physical exam of the Claimant indicate that he exhibited normal gait and range of motion in his legs, shoulders, and elbows, normal strength, and that "no functional limitations were identified during the exam." [Tr., pp. 353-54] Notably, Dr. Wells opined that Davis could "sit, carry, stoop, crawl, stand/walk for short or long periods, [and] use his upper extremities as needed without difficulty." [Tr., p. 354] In December 2010, Dr. Baggs conducted a psychological assessment of Davis and concluded that he had the ability to understand and remember simple instructions, had a mild to moderate deficiency in his ability to maintain sustained concentration and persistence, and could relate to people in work and social settings. [Tr., pp. 378-79] Dr. Baggs also noted that the Claimant had good personal hygiene and grooming. [Tr., pp. 375-76]

Davis stated that he was capable of doing household chores such as cooking, cleaning, and laundry, and was able to drive. [Tr., p. 374] Dr. Baggs found that Davis was oriented

to person, place, and time, that there was no suggestion of mental confusion or disorientation, and that his intellectual functioning, and insight and personal judgment likely fell in the average and the average to fairly good ranges, respectively. [Tr., p. 376] Importantly, Dr. Baggs did not limit Davis' ability to perform physical work-related activities, but instead "not[ed] nothing regarding the claimant's gait, posture, or motor behavior." [Tr., p. 376; *see* Tr., pp. 369-81]

The opinions of state agency physicians Dr. Diosdado Irandez and Edward Stodola, Ph.D., also support the ALJ's determination. [*See* Tr., pp. 96-106.] State agency consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if they are supported by the evidence of the record. *See* 20 C.F.R. § 416.927(f)(2); SSR 96-6p, 1996 WL 374180 (July 2, 1996). After reviewing the medical evidence of record, Dr. Irandez opined that Davis' condition did not significantly impact his ability to do work-related activities. [*See* Tr., pp. 96-106.]

Dr. Stodola determined that Davis had the ability to understand and remember short and simple instructions, locations and work-like procedures; to make simple work-related decisions; to maintain socially appropriate behavior; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; to sustain an ordinary routine without special supervision; and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace

without an unreasonable number and length of rest periods. [*See* Tr., pp. 92-94, 101-05.] These opinions support the ALJ's assessment of the Claimant's limitations.[5]

Contrary to Davis' contentions, substantial evidence supports the ALJ's RFC finding. After reviewing the evidence of record, including the Claimant's subjective complaints, the medical evidence, and the non-medical evidence, ALJ Mangus concluded that Davis had an RFC to perform a range of work at all exertional levels. Specifically regarding the assessment of Davis' physical limitations, ALJ Mangus attributed significant weight to Dr. Well's consultative exam and Dr. Irlandez's case analysis. [Tr., p. 25] The ALJ noted that both doctor's opinions contained "variously uniform findings of non[-]severe impairments" and that the "accordant lack of functional limitations are consistent with the record as a whole." [*Id.*] Additionally, ALJ Mangus noted that the RFC assessment is "supported by the underwhelming treatment record, Dr. Stodola's RFC analysis, Dr. Baggs's consultative exam — with the exception of a discounted severe limitation against workplace adaptation, and details of claimant's daily activities." [*Id.*] Substantial evidence supports the ALJ's RFC determination and Davis has failed to demonstrate that his alleged panic disorder, even if it persisted for any length of time, would affect his ability to perform the range of work outlined by the ALJ.

---

5    Although Drs. Stodola and Irandez did not review all the evidence, the ALJ's review was complete. And because their opinions are well-supported by the medical findings and are consistent with the record as a whole, they support the ALJ's RFC determination. 20 C.F.R. §§ 404.1520(c)(3), (4), (e)(2)(ii); 416.927(c)(3), (4), (e)(2)(ii); *see also Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439-40 (6th Cir. 2012). The ALJ also sufficiently explained her reasons for the weight afforded to these opinions. *See* SSR 96-6p, 1996 WL 374180. ALJ Mangus' reliance on these opinions was not in error.

### 2. Hypothetical Questions and the VE's Testimony

Davis also argues that ALJ Mangus improperly relied on the VE's responses to hypothetical questions that did not account for any physical limitations. [Record No. 12-1, pp. 9-11] Once it is determined that a claimant cannot perform past relevant work, the burden shifts to the Commissioner to demonstrate that there are other jobs that exist in significant numbers in the economy that the Claimant can perform, consistent with his RFC and other vocational factors (*i.e.*, age, education, and work experience). *Cole v. Sec'y of Health & Human Servs.*, 820 F.2d 768, 771 (6th Cir. 1987). The ALJ may rely on the VE's answer to a hypothetical question to satisfy this burden to the extent the assumptions included in the hypothetical are supported by substantial evidence. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

The Sixth Circuit has held that a hypothetical question posed to a VE "need only reference all of a claimant's limitations, without reference to the claimant's medical conditions." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (citing *Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001)); *see also Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("If the hypothetical question has support in the record, it need not reflect the claimant's unsubstantiated complaints."). The VE's testimony relies, in part, on the ALJ's assessment of what a claimant can or cannot do. *See Webb*, 368 F.3d at 632-33 (citations omitted). Additionally, the ALJ is permitted to rely on the VE's answer to a hypothetical question only to the extent the assumptions included in the hypothetical are supported by substantial evidence. *Varley*, 820 F.2d at 779. The VE's

answers to these questions are substantial evidence "only if the question accurately portrays [the Claimant's] individual physical and mental impairments." *Id.*

Here, the ALJ's hypothetical questions captured all of the limitations she included in her assessment of Davis' RFC, as well as Davis' occupational capability. [Tr., pp. 56-57] And, as outlined above, the ALJ's RFC determination applied the correct legal standard and was supported by substantial evidence. The absence of any physical limitations in the hypothetical questions posed to the VE was not in error because the ALJ concluded that Davis did not suffer from any physical functional limitations. *See Casey*, 987 F.2d at 1235 (holding that an "ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact"); *see also Foster*, 279 F.3d at 356 (finding that the ALJ did not err in "declining to include limitations" in hypothetical question to the VE that were "neither explained nor supported by medical or clinical findings"). Thus, the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion that Davis is not disabled and that he could perform other work that exists in the national economy. The Claimant's arguments to the contrary are without merit.

**B.  Substantial Evidence**

Although the Claimant argues that substantial evidence does not support the ALJ's determination, the Court must address the superficial nature of the Claimant's attorney's legal argument on this issue, as well as his perceived misconception of his role as an advocate for his client compared to that of the Court's role in adjudicating the dispute. As indicated above, the standard of review for denial of a claim for Social Security benefits

examines whether the ALJ's findings are based on substantial evidence. Importantly, however, this standard is premised upon the supposition that the Claimant actually proffered some form of argument that is substantiated by the identification of specific aspects of the ALJ's decision that allegedly lack support in the record.

> Where a claimant has failed to specifically identify alleged error, the Sixth Circuit has:
>
> decline[d] to formulate arguments on [the claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [the Claimant] appears to raise in [his] brief on appeal.

*Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation and quotation marks omitted). This should not be a novel concept for Davis' counsel: he has filed nearly two hundred social security actions with this Court.

In fact, paragraph 3(c) of the Court's Standing Scheduling Order for Social Security Actions specifically provides that "[t]he Court will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments. . . . Failure to provide specific citations to the record may constitute ground for denial of the

motion." (citing *Hollon*, 447 F.3d at 491) [*See* Record No. 9, pp. 3-4; *see also* General Order 13-7 (E.D. Ky. Oct. 24, 2013) (superseding General Order 09-13).]

Here, after reciting the legal standard applicable to the case, the Claimant's argument consists of the following:

> [i]t is the contention of the [Claimant] under these standards of review that there is not substantial evidence to support the denial of his application for security benefits. The objective medical evidence unequivocally documents that the [Claimant] has several severe conditions which are disabling.

[Record No. 12-1, pp. 11-12] However, "[t]his challenge warrants little discussion, as [Davis] has made little effort to develop this argument in [his] brief on appeal, or to identify any specific aspects of the Commissioner's determination that lack support in the record."[6] *Hollon*, 447 F.3d at 490-91.

The Claimant's memorandum falls woefully short of this Court's requirements. The only citation to the record consists of summarized portions of his testimony and limited excerpts of the medical record (albeit in the "background" section of his motion for summary judgment). Davis fails to cite to any specific medical opinion or other form of evidence which the ALJ allegedly impermissibly discounted or which does not comport with the ALJ's determination.

Notwithstanding the imprecise nature of Davis' contention, a review of the evidence of record demonstrates that the ALJ's decision is supported by substantial evidence. The

---

6     Likewise, Davis' cursory argument that the VE's testimony is inconsistent with the Dictionary of Occupational Titles fails for the same reason. [Record No. 12-1, p. 11] Davis does not identify *any* inconsistency beyond this blanket assertion, and this perfunctory contention does not warrant further review from the Court. *See Hollon*, 447 F.3d at 490-91.

Claimant has failed to demonstrate that he was disabled at any time relevant to the ALJ's decision. In fact, the ALJ expressly stated that she carefully considered the entire medical record, including all medical findings and observations, in reaching her decision. [Tr., p. 22; *see McDonald v. Astrue*, No. 11-1263, 2012 WL 2989935, at *7 (10th Cir. July 23, 2012) (quoting *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) (noting the "well-established principle of taking [the] ALJ at his word when he indicates he considered all of the evidence")).] Moreover, as outlined above, ALJ Mangus discussed the findings of Dr. Raza, consultative examiners Dr. Wells and Dr. Baggs, state agency physicians Dr. Irandez and Dr. Stodola, along with other medical evidence and non-medical evidence of record, and Davis' subjective complaints. Again, Davis has failed to identify any opinions that were improperly considered by the ALJ, or which contradict the ALJ's determination.

Substantial evidence supports the ALJ's determination. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *see also Rogers*, 486 F.3d at 241; *Buxton,* 246 F.3d at 772 ("[F]indings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."). Having reviewed the record of this matter, the Court finds no error with the ALJ's assessment and analysis of the evidence of record or her determination that the Claimant is not disabled as defined by the Act.

## IV.

Although Davis suffers from some medical impairments, he has not established that he is disabled as defined by the Act. After reviewing the record, the Court does not find any

of the Davis' arguments persuasive. The ALJ did not commit a reversible error and her decision is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Kenneth Earl Davis, Jr.'s Motion for Summary Judgment [Record No. 12] is **DENIED**.

2. Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 13] is **GRANTED**.

3. The administrative decision of Administrative Law Judge Tommye C. Mangus will be **AFFIRMED** by separate Judgment entered this date.

This 27th day of November, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge